United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60385
Summary Calendar

_____

MANUELA GONZALEZ-DE VIEZCA; FELIX VIEZCA-SALAZAR; FELIX
VIEZCA-GONZALEZ; MELISSA VIEZCA-GONZALEZ,

                                        Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A74 375 385
        A74 374 998
        A74 375 387
        A74 375 389
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:*

    Petitioners Manuela Gonzalez-De Viezca ("Manuela"), Felix

Viezca-Salazar ("Felix"), and their two minor children petition

this court for review of the Board of Immigration Appeal's ("BIA")

summary affirmance of the immigration judge's ("IJ") denial of

their requests for suspension of deportation.  The BIA made the

IJ's decision the final agency determination, so we review the IJ's

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings and conclusions.  See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

Manuela and the children argue that the IJ erred in concluding that they had not established eligibility for deportation because they had failed to establish the required seven years of continuous physical presence in the United States.  Manuela first argues that her admission of the facts alleged in the order to show cause, particularly the alleged date of entry, conclusively establishes those facts.  We are unpersuaded by her arguments, and we also note that the order to show cause alleged only that she and the children had entered the United States "on or about" a specified date.  We conclude that this admission did not establish the actual date she and the children entered the United States.

Manuela next argues that her own testimony was sufficient to establish the date of entry and that the IJ erred by discounting her testimony because it was "self-serving."  The BIA has held that an alien's testimony should not be disregarded simply because it is "self-serving."  See, e.g., Matter of S-A-, 22 I. & N. Dec. 1328, 1332 (2000) (citing cases).  The BIA also has held, however: "We not only encourage, but require the introduction of corroborative testimonial and documentary evidence, where available."  Id.  The alien bears the burden of demonstrating eligibility for suspension of deportation.  See Hernandez-Cordero v. INS, 819 F.2d 558, 560 (5th Cir. 1987) (en banc).  Our review of the record suggests that, contrary to Manuela's assertion, the IJ was more concerned with the

2

lack of corroborating evidence than with the "self-serving" nature of her testimony. Manuela has not shown that the evidence in the record compels the contrary conclusion that she established the required seven years of continuous presence. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996) (under "substantial evidence" standard, findings will be affirmed unless the "evidence compels a contrary conclusion").

As the rest of the family was ineligible for suspension of deportation, the IJ concluded that Felix could not establish that he would suffer "extreme hardship" if he too were denied suspension of deportation. We lack jurisdiction to review this conclusion. See Moosa v. INS, 171 F.3d 994, 1012-13 (5th Cir. 1999) (denials of suspension based on the "extreme hardship" element are discretionary decisions not subject to review).

All members of the family challenge the BIA's summary affirmance of the IJ's decision, using the "streamlining" provisions now found at 8 C.F.R. § 1003.1(e)(4)(i). We have held that the use of the summary affirmance procedures does not raise the inference that the BIA did not conduct the required review. See Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003). In addition, summary affirmance without opinion is not permitted to include a discussion of the IJ's reasoning or a discussion of the arguments raised on appeal. See 8 C.F.R. § 1003.1(e)(4)(ii) (stating that an affirmance without opinion "does not necessarily imply approval of all of the reasoning of" the decision below and

3

that Board members are prohibited from including their own explanation or reasoning in the order).

The petition for review includes requests for costs and attorney's fees pursuant to the Equal Access to Justice Act (EAJA). See 28 U.S.C. § 2412 (EAJA). An application for attorney's fees under the EAJA must be accompanied by proof that the applicant has prevailed. See 5TH CIR. R. 47.8.2(a). As we deny the petition for review, the petitioners do not qualify for an award of attorney's fees.

PETITION FOR REVIEW DENIED; REQUEST FOR COSTS AND FEES DENIED.